Case 9:18-cv-00013-RC-KFG   Document 2   Filed 01/30/18   Page 1 of 6 PageID #: 5

Filed: 9/15/2017 11:28 AM
Reba Squyres, District Clerk
Angelina County, Texas
By: Brittany Crawford,
Deputy Clerk

CAUSE NO. CV-00639-17-09

| | | |
|---|---|---|
| **JOSE HILARIO FORTUNA SOLIS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **ANGELINA COUNTY, TEXAS** |
| | § | |
| | § | |
| **FARMON S. SADRIEV AND** | § | |
| **BEKZOD TRUCKING INC.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, JOSE HILARIO FORTUNA SOLIS ("Plaintiff") and files his Original Petition complaining of FARMON S. SADRIEV ("Sadriev") and BEKZOD TRUCKING INC. ("Bekzod Trucking") and would respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 3 Discovery Control Plan.

### II. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in rule 194.2 **within fifty (50) days** of the service of this request.

### III. PARTIES

Plaintiff is a resident of Reynosa, Tamaulipas, Mexico.

Defendant Farmon S. Sadriev is a resident of Broward County, Florida and may be served with process at his last known address, 2118 Funston Street, Hollywood, Florida 33020, or wherever this Defendant may be found.

Defendant Bekzod Trucking Inc. is a corporation having its principal place of business in New York and may be served with process through Djalilov Bekzod at 6360 102nd Street, D19,

Rego Park, New York 11374, or wherever this Defendant may be found.

Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Bekzod Trucking Inc." with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## IV. JURISDICTION

The court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court. Plaintiff is seeking monetary relief over $1,000,000.00.

## V. VENUE

Venue is proper in Angelina County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the county in which all or a substantial amount of the events or omissions giving rise to the claim made the basis of this lawsuit occurred.

## VI. FACTS

On or about May 18, 2017, Plaintiff was towing an empty trailer and driving southbound on U.S. Highway 59 just south of the Diboll Depot in Angelina County, Texas. At the same time, Defendant Sadriev was driving a Freightliner vehicle, owned by Defendant Bekzod Trucking, along the same route and was hauling a trailer containing several items that were considered to be hazardous materials. Defendant Sadriev failed to control his speed and struck Plaintiff's vehicle from behind. As a result of the collision, Plaintiff sustained injuries and suffered damages.

## **VII. CAUSES OF ACTION**

   A. **NEGLIGENCE – DEFENDANT SADRIEV**

At the time and on the occasion in question, Defendant Sadriev committed acts of omission and commission, which collectively and separately constituted negligence. Defendant Sadriev had a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Sadriev breached that duty, including but not limited to, one or more of the following ways:

    a.    Failure to operate his vehicle in obedience to traffic laws and regulations;

    b.    Failure to maintain a proper lookout;

    c.    Failure to apply the brakes to the vehicle in a timely manner to avoid the collision in question;

    d.    Failure to control his speed; and

    e.    Failure to operate the vehicle in a non-negligent manner.

Such negligence, either singularly or in combination, proximately caused the injuries and damages sustained by Plaintiff.

   B. **NEGLIGENT HIRING – DEFENDANT BEKZOD TRUCKING**

Plaintiff pleads that Defendant Bekzod Trucking owed Plaintiff a legal duty to protect him from the negligence of Defendant Sadriev while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant Bekzod Trucking. Plaintiff sustained damages proximately caused by Defendant Bekzod Trucking's breach of said duty. In particular, Defendant Bekzod Trucking was negligent in hiring Defendant Sadriev, an incompetent, unfit, or reckless employee-driver whom Defendant Bekzod Trucking

knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

### C. NEGLIGENT RETENTION – DEFENDANT BEKZOD TRUCKING

Plaintiff further pleads that Defendant Bekzod Trucking negligently retained Defendant Sadriev as an employee-driver. Bekzod Trucking owed Plaintiff a legal duty to protect him from the negligence of Defendant Sadriev while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Bekzod Trucking. Plaintiff sustained damages proximately caused by Bekzod Trucking's breach of said duty. In particular, Bekzod Trucking was negligent in retaining Defendant Sadriev, an incompetent, unfit, or reckless employee-driver whom Bekzod Trucking knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

### D. NEGLIGENT ENTRUSTMENT – DEFENDANT BEKZOD TRUCKING

Plaintiff further pleads that Defendant Bekzod Trucking negligently entrusted their motor vehicle to their employee, Defendant Sadriev. Bekzod Trucking was the owner of the motor vehicle involved in the incident and consented to and permitted their employee, Defendant Sadriev, to operate the motor vehicle at the time of the incident. Defendant Sadriev was an incompetent or reckless driver and Bekzod Trucking knew or should have known Defendant Sadriev was an incompetent or reckless driver. Defendant Sadriev was negligent on the occasion in question in a manner that was reasonably foreseeable by Bekzod Trucking, and the negligence proximately caused Plaintiff's injuries.

E.  **RESPONDEAT SUPERIOR – DEFENDANT BEKZOD TRUCKING**

Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Sadriev were committed while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant Bekzod Trucking and are thus imputed on to Bekzod Trucking under the legal theory of *respondeat superior.*

## VIII. DAMAGES

As a result of Defendants' negligence, Plaintiff suffered injuries. Plaintiff brings this action for the following damages:

a. Past physical pain and suffering of Plaintiff, and that which he will in all probability suffer in the future;

b. Past mental anguish of Plaintiff, and that which he will in all probability suffer in the future;

c. The medical expenses that Plaintiff has incurred in the past and will in all reasonable probability continue to incur in the future;

d. Past and future lost earnings or loss of wage-earning capacity; and

e. Any and all other damages to which Plaintiff may be justly entitled.

Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## IX. PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda;

files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## X. PRAYER

Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recovers damages from Defendants in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Muhammad S. Aziz*
_____
MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 – Facsimile
maziz@abrahamwatkins.com

**ATTORNEY FOR PLAINTIFF**